# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DARVIN RILEY

## DEFENDANTS
CONIFER REALTY, LLC

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Kevin Console, Esq., Console Mattiacci Law,
110 Marter Ave, Suite 502 Moorestown, NJ 080572
(856) 854-4000

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [X] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS**
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. §2000e, et seq.; 43 U.S.C. §1981, et seq.; N.J.S.A. 10:5-1, et seq.

Brief description of cause:
Plaintiff was discriminated and retaliated against based on his race in violation of federal and state law.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** In excess of $75,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 3/8/2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **DARVIN RILEY** <br> Mays Landing, NJ 08330 <br><br> **Plaintiff,** <br><br> v. <br><br> **CONIFER REALTY LLC** <br> 1000 University Avenue, #500 <br> Rochester, NY 14607 <br><br><br> **Defendant.** | CIVIL ACTION NO. <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

### I. INTRODUCTION

Plaintiff Darvin Riley ("Plaintiff") brings this action against his former employer, Conifer Realty LLC ("Defendant"). Defendant discriminated against Plaintiff because of his race (Black) and retaliated against Plaintiff as a result of his complaints regarding the same, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), 42 U.S.C. §1981 ("Section 1981"), and the New Jersey Law Against Discrimination, as amended (including as amended by the New Jersey Diane B. Allen Equal Pay Act), N.J.S.A. 10:5-1, *et seq.* ("NJLAD").

Defendant's discriminatory and retaliatory conduct as set forth herein includes subjecting Plaintiff to a hostile work environment, undercompensating Plaintiff based upon his race, and terminating Plaintiff's employment for false and pretextual reasons. Plaintiff seeks all damages, including economic loss, compensatory damages, treble damages, punitive damages, attorneys' fees and costs, and all other relief this Court deems appropriate.

1

## II. PARTIES

1. Plaintiff, Darvin Riley, is an individual and citizen of Mays Landing, NJ.

2. Plaintiff is Black.

3. Defendant is a national real estate company specializing in the development, construction, and management of affordable housing communities across the country.

4. Defendant is incorporated in New York and has a principal place of business at 1000 University Avenue #500, Rochester, NY 14607.

5. Defendant operates multiple locations in New Jersey, including at 20000 Horizon Way, #180, Mt. Laurel, NJ 08054 and 900 Mediterranean Avenue, Atlantic City, NJ 08401 (referred to as "The Meadows").

6. At all relevant times, Plaintiff worked at "The Meadows" located in Atlantic City, NJ.

7. Defendant is engaged in an industry affecting interstate commerce and regularly does business in the State of New Jersey.

8. At all relevant times, Defendant acted by and through its authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendant and in furtherance of Defendant's business.

9. At all relevant times, Defendant employed more than fifteen (15) employees.

10. At all relevant times, Defendant acted as an "employer" within the meaning of the statutes forming the basis of this matter.

11. At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of the statutes forming the basis of this matter.

### III. JURISDICTION AND VENUE

12. The causes of action forming the basis of this matter arise under Title VII, Section 1981, and the NJLAD.

13. The District Court has jurisdiction over Count I (Title VII) pursuant to 28 U.S.C. §1331 and §1332.

14. The District Court has jurisdiction over Count II (Section 1981) pursuant to 28 U.S.C. §1331 and §1332.

15. The District Court has supplemental jurisdiction over Count III (NJLAD) pursuant to 28 U.S.C. §1367 and 28 U.S.C. §1332.

16. Venue is proper in the District Court under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred within this District.

17. On or about January 31, 2023, Plaintiff filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination and retaliation alleged herein. Attached hereto, incorporated herein, and marked as "Exhibit 1" is a true and correct copy of the EEOC Charge of Discrimination.

18. On or about December 13, 2023, the EEOC issued to Plaintiff a Notice of Right to Sue. Attached hereto, incorporated herein, and marked as "Exhibit 2" is a true and correct copy of that notice.

19. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

### IV. FACTUAL ALLEGATIONS

20. In or around October 2021, Plaintiff was hired by Defendant to work as a Porter.

21. As a Porter, Plaintiff was tasked with maintaining certain aspects of The Meadows'

3

facility and grounds.

22. Plaintiff was the only Porter working at The Meadows location.

23. Before Plaintiff started his job with Defendant, Plaintiff had approximately five (5) to seven (7) years of experience working as a porter, or in a substantially similar role, at other companies.

24. Throughout his employment, Plaintiff performed his job duties in a highly competent manner.

25. Plaintiff made approximately twelve dollars ($12) an hour when he was hired by Defendant.

26. Upon information and belief, non-Black Porters at Defendant's other development locations were paid more than Plaintiff for the same or substantially similar work.

27. Plaintiff was frequently asked to perform less-desirable tasks outside the scope of his role as a Porter.

28. This was humiliating and degrading to Plaintiff.

29. Defendant failed to provide Plaintiff with any legitimate, non-discriminatory explanation as to why he was being assigned less-desirable tasks outside of the scope of his role.

30. Upon information and belief, non-Black Porters at Defendant's other locations and non-Black employees at The Meadows were not asked to perform tasks outside the scope of their roles.

31. On or about September 16, 2022, Plaintiff submitted a complaint to Michele Lerro ("Lerro") (non-Black), Regional Manager at Defendant, stating, in summary, that:

    a. He was a strong performer and had exhibited excellent performance during his time with Defendant;

    b. He was being underpaid because of his race;

    c. He was being improperly forced to perform tasks outside of his role without legitimate explanation; and

    d. He believed he was being discriminated against and exploited because of his race.

32. Defendant did not take proper remedial or investigatory action in response to Plaintiff's complaint of race discrimination.

33. On or about September 21, 2022, Beth Lighthouse ("Lighthouse") (non-Black), Defendant's Director of People and Culture, and Lerro met with Plaintiff, during which Defendant: tried to convince Plaintiff that his compensation was "appropriate;" refused to provide Plaintiff with any documentation or data rebutting his claim of race-based undercompensation; and did not deny that Plaintiff was being paid less than non-Black employees performing substantially similar work.

34. Plaintiff complained again on or about September 30, 2022 that no appropriate action had been taken in response to his complaints of discrimination.

35. After submitting complaints, Plaintiff was treated differently, and in an increasingly hostile manner, by Defendant. By way of example and without limitation:

    a. Plaintiff was written up for the first time during his employment with Defendant in or around mid-October 2022 for being out sick without a doctor's note.

    b. Plaintiff had notified the Office Assistant, Alba Rivas De Los Santos (non-Black), that he was out sick.

    c. Plaintiff supplied a doctor's note approximately one (1) week later, but his write up was not reversed.

    d. When Plaintiff refused to sign the note because he believed it to be bogus and retaliatory, members of Defendant's management did not dispute the illegitimacy of the write-up, but instead stated that it was their "practice."

    e. Plaintiff's schedule was changed for the first time to less desirable shifts after he complained.

    f. For the first time during his employment, Plaintiff was asked to check in and out and the start and end of his shifts, which he had never been asked to do before he complained.

36. The write-up that Plaintiff was issued in October 2022 was false and pretextual.

37. Plaintiff is not aware of any non-Black and/or non-complaining employees who were issued bogus write-ups.

38. Plaintiff is not aware of any non-Black and/or non-complaining employees who were given arbitrary and unfavorable scheduling changes.

39. Plaintiff is not aware of any non-Black and/or non-complaining employees who were asked to check in or out and the start and end of a shift.

40. Prior to complaining of discrimination and retaliation, Plaintiff had never been issued a write-up, had his schedule arbitrarily changed to less favorable shifts, or been asked to check in and out at the start and end of each shift.

41. The write-up, unfavorable schedule changes, and requests to check in and out at the start and end of his shifts are pretext for race discrimination and retaliation for complaining about the same.

42. On November 2, 2022, Plaintiff was issued another unfounded write-up for allegedly being absent on October 26, 2022 and October 28, 2022 without a doctor's note.

43. Plaintiff was home caring for his sick daughters on those two days, and he had informed his supervisor of the same.

44. The November 2, 2022 write-up was false and pretextual.

45. Plaintiff submitted another complaint of race discrimination and retaliation on or about November 3, 2022, reiterating his concerns about being treated differently because of his race and Defendant's decision to disregard his prior complaints about the same, and instead take further discriminatory and retaliatory action against him.

46. Defendant failed to take appropriate remedial or investigatory action in response to Plaintiff's November 3, 2022 complaint.

47. On or around November 8, 2022, a member of Defendant's maintenance staff, Kyle Broody ("Broody") (non-Black), became suddenly aggressive and violent toward Plaintiff during a shift.

48. Prior to Plaintiff's complaints of discrimination and retaliation, Broody had not exhibited negative or hostile behavior toward Plaintiff.

49. Plaintiff submitted another complaint to Defendant's management on or about the same day, November 8, 2022, complaining about Broody's behavior toward him.

50. In his November 8, 2022 complaint, Plaintiff stated that he believed Broody's aggression toward him was motivated by Plaintiff's race and/or his engaging in protected activities.

51. Defendant failed to take appropriate remedial or investigatory action in response to Plaintiff's November 8, 2022 complaint.

52. On November 15, 2022, Plaintiff was falsely accused of not showing up for his shift that day by Lerro.

53. Plaintiff did show up to work on November 15, 2022, and he completed his full shift that day.

54. Plaintiff spoke to Lerro on the phone after his shift and informed her that he had in fact showed up and had worked his regular hours on November 15, 2022.

55. Defendant's false accusation with regard to his attendance on November 15, 2022 was yet another attempt to falsely write Plaintiff up to make the conditions of employment so miserably that he would quit, or alternatively, to try to justify terminating his employment because of his race and/or his complaints.

56. After Plaintiff's phone call with Lerro, Plaintiff emailed Lighthouse, Stephanie Nichols ("Nichols") (non-Black), Vice President of Human Resources, Tammy Luft ("Luft") (non-Black), Assistant Vice President of Property Management, and Jessica Chiamulera ("Chiamulera") (non-Black), Vice President of Property Management, complaining that he was being harassed and improperly targeted by Lerro, including with regard to the false accusations about his attendance on November 15, 2022.

57. Lighthouse responded to the email stating that management was working to set up a time to discuss Plaintiff's complaints.

58. They arranged to meet on November 17, 2022.

59. During the in-person meeting on November 17, 2022, Plaintiff was not given any chance to discuss his complaints.

60. Instead, Plaintiff was informed during the November 17, 2022 meeting that he was being terminated, effective immediately.

61. Defendant's sole reason for Plaintiff's termination was that he failed to show up for his shift on November 15, 2022.

62. Plaintiff "checked in" at or around 8:00 a.m. on November 15, 2022 using Defendant's timesheet app and self-reported his time in the app that day to indicate that he had worked his regular hours.

63. Upon information and belief, Glenn Shults (non-Black), Payroll Specialist, was asked by his supervisor on November 15, 2022 to manually remove Plaintiff's reported hours that day.

64. Defendant has not provided any legitimate, non-discriminatory, non-retaliatory reason for manipulating Plaintiff's timesheet to make it falsely appear that he was not at work when he was.

65. Defendant's stated reasoning for terminating Plaintiff is demonstrably false.

66. Defendant's stated reason for terminating Plaintiff is pretextual.

67. On November 29, Plaintiff emailed Nichols complaining that he was "wrongfully terminated" because of his "numerous complaints" of race discrimination.

68. Plaintiff had never been given any indication by Nichols, Lighthouse, Lerro, Luft, Chiamulera, or any other member of Defendant's management, that his performance was in any way unsatisfactory.

69. To the best of Plaintiff's knowledge, no other employees were terminated on November 17, 2022, and Defendant retained all of its other (non-Black) employees.

70. Upon information and belief, non-Black employees who worked at the Meadows were not asked to perform tasks outside of their roles, nor terminated for false and pretextual reasons.

71. Defendant treated Plaintiff substantially worse compared to similarly-situated non-black and/or non-complaining employees.

72. There is an underrepresentation of Black employees at The Meadows.

73. The only other Black employee who worked at The Meadows during Plaintiff's employment was Tayresha Moore ("Moore"), Property Manager.

74. Upon information and belief, Moore was similarly tasked with less-desirable cleaning and maintenance tasks outside of her role.

75. Upon information and belief, Moore was terminated under similarly false and pretextual circumstances.

76. Defendant terminated Plaintiff's employment because of his race and/or his complaints about discrimination.

77. Defendant subjected Plaintiff to a hostile work environment because of his race and his race discrimination complaints.

78. Defendant compensated Plaintiff at a rate which was less than the rate Defendant paid to non-Black employees for substantially similar work, when viewed as a composite of skill, effort and responsibility. This includes, without limitation, Plaintiff's compensation compared to non-Black Porters.

79. Defendant has failed to provide Plaintiff with any legitimate, non-discriminatory explanation for paying Plaintiff less than non-Black employees performing substantially similar work.

80. Defendant's race discriminatory and retaliatory conduct, as alleged herein, was severe or pervasive enough to make a reasonable person believe that the conditions of their employment had been altered and that a hostile work environment existed.

81. Defendant's race discriminatory and retaliatory conduct, as alleged herein, was severe or pervasive enough to make Plaintiff believe that the conditions of his employment had

been altered and a hostile work environment existed.

82. Plaintiff's race and/or his complaints of discrimination were motivating and/or determinative factors in connection with Defendant's treatment of Plaintiff.

83. Defendant has provided Plaintiff with no legitimate, non-discriminatory and non-retaliatory explanation for subjecting him to a hostile work environment.

84. The retaliatory actions taken against Plaintiff after complaining of race discrimination and retaliation would have discouraged a reasonable employee from complaining about unlawful discrimination or retaliation.

85. As a direct and proximate result of Defendant's discriminatory and retaliatory conduct, Plaintiff has incurred, and may in the future incur, a loss of earnings and/or earning capacity, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

86. Defendant acted willfully and intentionally, and with malice and/or reckless indifference to Plaintiff's protected rights, thus warranting the imposition of punitive damages.

87. The conduct of Defendant, as set forth above, was outrageous under the circumstances and warrants the imposition of punitive damages against Defendant.

88. No previous application has been made for the relief requested herein.

## COUNT I – TITLE VII

89. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth in their entirety.

90. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendant has violated Title VII.

91. Plaintiff's race and/or his complaints of discrimination were motivating and/or

11

determinative factors in connection with Defendant's treatment of him.

92. Defendant acted willfully and/or intentionally with malice and/or reckless indifference to Plaintiff's federally protected rights, warranting the imposition of punitive damages.

93. As a direct and proximate result of Defendant's violations of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

94. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

95. No previous application has been made for the relief requested herein.

## COUNT II – SECTION 1981

96. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth in their entirety.

97. By committing the foregoing acts of discrimination and retaliation, Defendant has violated Section 1981.

98. Plaintiff's race and/or his complaints of discrimination were motivating and/or determinative factors in connection with Defendant's treatment of him.

99. Defendant acted willfully and/or intentionally with malice and/or reckless indifference to Plaintiff's federally protected rights, warranting the imposition of punitive damages.

100. As a direct and proximate result of Defendant's violations of Section 1981, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

101. Plaintiff is now suffering and will continue to suffer irreparable injury and

monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

102. No previous application has been made for the relief requested herein.

### **COUNT III – NJLAD**

103. Plaintiff incorporates the foregoing paragraphs of this Complaint as if fully set forth in their entirety.

104. By committing the foregoing acts of discrimination and retaliation, Defendant has violated the NJLAD.

105. Plaintiff's race and/or his complaints of discrimination were motivating and/or determinative factors in connection with Defendant's treatment of him.

106. Defendant undercompensated Plaintiff as compared to non-Black employees for substantially similar work, in violation of the NJLAD.

107. Defendant retaliated against Plaintiff for complaining about being undercompensated based on her sex, in violation of the NJLAD.

108. Defendant's undercompensation of Plaintiff based on race warrants the imposition of treble damages.

109. Members of Defendant's upper management had actual participation in, or willful indifference to, Defendant's wrongful conduct described herein.

110. Defendant's wrongful actions were recklessly indifferent to Plaintiff's protected rights and especially egregious, warranting the imposition of punitive damages.

111. As a direct and proximate result of Defendant's violation of the NJLAD, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

112. Plaintiff is now suffering and will continue to suffer irreparable injury and

monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

113. No previous application has been made for the relief requested herein.

## **RELIEF**

WHEREFORE, Plaintiff seeks damages and legal and equitable relief in connection with Defendant's unlawful conduct, and specifically prays that this Court grant the following relief to Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of Title VII;

(b) declaring the acts and practices complained of herein to be in violation of Section 1981;

(c) declaring the acts and practices complained of herein to be in violation of the NJLAD;

(d) enjoining and permanently restraining the violations alleged herein;

(e) entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(f) awarding damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(g) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's unlawful conduct;

(h) awarding punitive damages to Plaintiff under Title VII;

(i) awarding punitive damages to Plaintiff under Section 1981;

(j) awarding punitive damages to Plaintiff under the NJLAD;

(k) awarding treble damages to Plaintiff under the NJLAD;

(l)  awarding Plaintiff such other damages as are appropriate under Title VII, Section 1981 and the NJLAD;

(m) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(n) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

                                                **CONSOLE MATTIACCI LAW LLC**

Dated: March 8, 2024          By:   _____
                                                       Kevin Console, Esq.
                                                         110 Marter Avenue, #502
                                                         Moorestown, NJ 08057
                                                         (856) 854-4000

                                                         Attorney for Plaintiff,
                                                         Darvin Riley